IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1794-K (BH) |
| | § | |
| ADVANTA CORP., et al. | § | |
| | § | |
| Defendants. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to Special Order No. 3-251 this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are *Defendant's Motion for Summary Judgment and Motion to Dismiss*, filed October 22, 2008, and *Plaintiff's Motion to Remand*, filed November 5, 2008. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that *Defendant's Motion for Summary Judgment and Motion to Dismiss* should be **GRANTED**, and *Plaintiff's Motion to Remand* should be **DENIED**.

## I. BACKGROUND

This action arises from five telephone calls Plaintiff Craig Cunningham ("Plaintiff") received on his cell phone from individuals who stated they were calling on behalf of Advanta or Advanta Bank to collect credit card debts owed by Brandon Callier. (*See Plaintiff's First Amended Complaint*, docket #4 at 5-7, ¶¶ 17-28) (hereinafter, "Compl."). The telephone calls in question occurred on July 30, August 31 (two), September 1, and September 2, 2008. (*Id.* at 5-7, ¶¶21, 22,

25, 27, 28). During the first call on August 31, Plaintiff informed the caller that the number reached was not the number for Brandon Callier. (*Id*. at 6, ¶23). Thereafter, Plaintiff received three additional calls, but no calls after September 2, 2008. (*Id*. at 6-7, ¶¶ 25, 27, 28; *see id*. at 7-10).

Plaintiff, who proceeds *pro se* in this matter, filed suit in the 191st District Court of Dallas County against Defendant Advanta Corp. (hereinafter, "Defendant Advanta") and several of its officers for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (Docket #1). Defendant Advanta subsequently removed the case to this Court. Plaintiff then amended his complaint to join additional defendants and add alleged violations of the Fair Debt Collection Practices Act, the Texas Finance Code, and the Texas Deceptive Trade Practices Act. (Compl. at 11-13). On October 22, 2008, Defendant Advanta filed a motion for summary judgment and motion to dismiss all claims against it and its officers. (Docket #6) (hereinafter, "Mot."). Plaintiff filed a motion to remand on November 5, 2008. (Docket #14) (hereinafter, "Mot. Rem."). The parties have filed their respective responses and replies, and the issues are ripe for review.

## II.  MOTION TO REMAND

The Court first considers Plaintiff's motion to remand this action to state court. Plaintiff contends that removal was improper because state courts have sole jurisdiction over private causes of action brought under the Telephone Consumer Protection Act ("TCPA"). (*See* Mot. Rem. at 2-5).

District courts have original jurisdiction over all civil actions involving a federal question as well as those where the parties are citizens of different states provided that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In this case, both diversity and federal question jurisdiction exist. Diversity jurisdiction has been present from the outset since Defendant Advanta is a Delaware corporation with its principal place of business in Pennsylvania and Plaintiff,

a citizen of Texas, seeks damages in excess of $75,000. (*See* docket #1 Ex. D; Compl. at 13). Indeed, diversity formed the basis for removal to federal court. (*See id.* at 2). Federal question jurisdiction also exists because Plaintiff alleges violations under the Fair Debt Collection Practices Act ("FDCPA"). (Compl. at 11-12; 15 U.S.C. § 1692k(d) (jurisdictional provision of the FDCPA)).

Plaintiff relies heavily on *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997) to argue that not only was removal improper but that remand is required. (Mot. Rem. at 4-7). In *Chair King*, the Fifth Circuit interpreted the jurisdictional provision of the TCPA and held that state courts have exclusive subject matter jurisdiction over private causes of action brought under that act. 131 F.3d at 514 (interpreting 47 U.S.C. § 227(b)(3)); *see Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324 n.6 (5th Cir. 2008) (declining to revisit viability of holding in *Chair King*). *Chair King* did not address removal of a TCPA action based on diversity jurisdiction because the case originated in federal district court. 131 F.3d at 509. Nor has the Fifth Circuit considered whether the TCPA precludes a federal district court from asserting diversity jurisdiction. The three courts of appeals, as well as one district court within this circuit, that have considered this issue concluded that the TCPA does not preclude a federal district court from asserting diversity jurisdiction. *See U.S. Fax Law Center v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007); *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 338 (2d Cir. 2006); *Brill Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005); *Accounting Outsourcing, LLC v. Verizon Wireless Pers. Commc'ns*, 294 F.Supp.2d 834, 837-38 (M.D.La. 2003). The Court finds these cases persuasive and concludes that the TCPA does not preclude assertion of diversity jurisdiction in this matter. The Court also finds *Chair King* distinguishable from the instant case since Plaintiff amended his complaint to include alleged violations of the FDCPA, an action that added a federal question to his claim. In *Chair*

*King*, the TCPA was the sole federal cause of action. 131 F.3d at 509.

Since both diversity and federal question jurisdiction exist, the case is properly before this Court. Plaintiff's motion to remand should therefore be **DENIED**.

### III. MOTION FOR SUMMARY JUDGMENT

**A.** **Standard of Review**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.  Evidentiary Considerations**[1]

Plaintiff objects to the portion of Defendant Advanta's affidavit that pertains to the actions

---

[1] The Court notes that neither party submitted their objections and motions to strike in accordance with the local rules. *See* L.R. 7.1. Instead of submitting a motion, brief, and certificate of conference as required, the objections are embedded in the body of the pleadings.

of Advanta Bank Corp. (Mot. Resp. at 4, ¶22). Specifically, Plaintiff contends that the affiant, Susan Giusti, is unqualified to testify on this issue because she is employed by Defendant Advanta and lacks personal knowledge of the actions of Advanta Bank Corp. *Id.* A district court may rely upon affidavits in the summary judgment context where the affiants' "personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore." *DIRECTTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Ms. Giusti, the Assistant Secretary for Defendant Advanta, explicitly stated that the statements in her affidavit were based upon her personal knowledge or her investigation. (Mot. Ex. A at ¶1). Although she did not state her duties as Assistant Secretary, given her position it is reasonable to infer that she can provide testimony about the basic activities of the parent and subsidiary corporations. *DIRECTTV*, 420 F.3d at 530; *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 544 n.13 (5th Cir. 2002). Plaintiff's objection to the affidavit as it pertains to the activities of Advanta Bank Corp. is therefore **OVERRULED,** and his motion to strike is **DENIED**.

Defendant Advanta objects to the documents and telephone recording submitted by Plaintiff in support of his response because they are unauthenticated and hearsay. (Mot. Reply at 2, ¶4). Plaintiff's Exhibit A is a 16 second telephone call between Plaintiff and an unidentified individual.[2] Exhibit B is a PowerPoint presentation about Defendant Advanta's business activities. (*See* Mot. Resp. Ex. B). Exhibit C claims to be Defendant Advanta's November 3, 2008 filing with the

---

[2] Exhibit A is transcribed as follows:
  Plaintiff: Hello?
  Caller: May I speak with Brandon Callier?
  Plaintiff: Um, is this Advanta?
  Caller: Yes sir.
  Plaintiff: Yeah, he's not at this number.
  Caller: Any alternate number sir?
  Plaintiff: Say again?
 [End call]

Securities and Exchange Commission, and Exhibit D claims to be Defendant Advanta's 2007 annual report. (*See id.* Exs. C and D). Authentication or identification is a condition precedent to admissibility. Fed. R. Evid. 901(a). Conclusive proof of authenticity is not required; Rule 901 merely requires some evidence sufficient to support a finding that the evidence in question is what the proponent claims it to be. *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) (citing *United States v. Jimenez-Lopez*, 873 F.2d 769, 772 (5th Cir. 1989)). Plaintiff did not present any evidence, such as an affidavit, to establish that the submitted exhibits were true copies of what he claims them to be. Although two of the exhibits (B and D) sport Defendant Advanta's logo, this is insufficient circumstantial evidence of authenticity since Plaintiff offered nothing to inform the court of the circumstances surrounding their discovery. *Id.* (citing *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990)). Since Plaintiff failed to authenticate his exhibits, they are inadmissible. Fed. R. Evid. 901(a). Defendant Advanta's objections to Plaintiff's Exhibits A, B, C, and D are **SUSTAINED** and the motion to strike these four exhibits is **GRANTED**.

Plaintiff's Exhibit E and one entitled "affidavit" are copies of Defendant Advanta's Exhibit A, the affidavit submitted in support of its motion. The Court does not consider these objections to Defendant Advanta's own exhibit.

**C.** **Analysis**

Defendant Advanta moves for summary judgment on the grounds that it is not a proper party to this suit. (Mot. Br. at 3).

Summary judgment is appropriate when a plaintiff sues the wrong party. *See Carver v. Liberty Mut. Ins. Co.*, 277 F.2d 105, 109 (5th Cir. 1960) (affirming summary judgment because uncontroverted evidence established that plaintiff was not an employee of the insured). In an

affidavit submitted in support of its motion, Defendant Advanta avers that it was not involved in the actions forming the basis of Plaintiff's claim because it does not issue credit cards or engage in any activity related to credit cards. (Mot. Ex. A, ¶2). Defendant Advanta further avers that it does not own or use automated dialing systems with artificial prerecorded voices to contact third parties; it also avers that it has never contacted Plaintiff or Brandon Callier. *Id.* The affidavit also makes clear that Advanta Bank Corp., a subsidiary of Defendant Advanta, is the entity that issues credit cards and is involved in customer communications. *Id.* Based on this affidavit, Defendant Advanta met its initial burden to identify evidence in the record that there is no genuine issue of material fact that it is not a proper party to this suit. *Celotex*, 477 U.S. at 323.

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact for trial that he has sued the proper party. *Id.* at 324. Plaintiff failed to submit any competent summary judgment evidence; he therefore failed to raise a genuine issue of material fact that Defendant Advanta, and not Advanta Bank Corp., issues credit cards or mistakenly called Plaintiff in an attempt to contact Brandon Callier.[3] Plaintiff's unsworn complaint and pleadings contain only unsubstantiated allegations, which are insufficient to satisfy his burden at the summary judgment stage. *Little*, 37 F.3d at 1075; *Anderson*, 477 U.S. at 249.

Rather than pursue a claim against Advanta Bank Corp., Plaintiff asserts that Defendant Advanta has "direct operational control" over its subsidiary and is vicariously liable for the

---

[3] The Court notes that even if Plaintiff overcame Defendant Advanta's objections to his exhibits, nothing in the four exhibits affects the outcome of the case. During the brief telephone conversation, Plaintiff asked the caller if he was from "Advanta," to which the caller responded, "yes, sir." (Mot. Resp. Ex. A). The caller's response does not dispute Defendant Advanta's assertion that it is a separate legal entity from Advanta Bank Corp. Exhibits B, C, and D reinforce Defendant Advanta's grounds for summary judgment because all three state that Advanta Bank Corp., not Defendant Advanta, issues credit cards. (Ex. B at 2; Ex. C at 29; Ex. D at 17).

subsidiary's actions. (Mot. Resp. at 5, ¶28; 6, ¶31). It is a general principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries. *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998). An equally fundamental principle of corporate law is that "the corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder's behalf." *Id*. at 62. Plaintiff did not present any competent summary judgment to show misuse of Advanta Bank Corp. by Defendant Advanta. He has therefore failed to show how Defendant Advanta can be held liable for the acts of Advanta Bank Corp. *Id*.

Based on the foregoing, there is no evidence upon which a rational trier of fact could find that Defendant Advanta is a proper party to this suit or that it should be held liable for the acts of its subsidiary. Since Plaintiff failed to meet his burden to raise a genuine issue of material fact, summary judgment should be **GRANTED** in favor of Defendant Advanta for claims arising under the TCPA and FDCPA. *Celotex*, 477 U.S. at 322-23; *Carver*, 277 F.2d at 109.

### IV. MOTION TO DISMISS

Defendant Advanta also moves under Rule 12(b)(6) to dismiss the claims against its officers. (Mot. at 4-5).

**A.**    **Rule 12(b)(6) Standard**

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid

dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted).[4] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

**B.** **Analysis**

In his complaint, Plaintiff named five officers of Defendant Advanta: Dennis Alter, John Moore, Phillip Browne, David Weinstock, and William Rosoff (hereinafter, "Defendant Officers"). (Compl. at 1-2, ¶¶3-7). Defendant Advanta moves for dismissal of Plaintiff's claims against Defendant Officers because the complaint fails to allege material facts necessary to sustain recovery against them under any legal theory. (Mot. at 4-5).

As discussed in Part III.C, *supra*, Defendant Advanta is not a proper party to this suit. Thus, even assuming the truth of Plaintiff's allegations, claims against Defendant Advanta's officers are not viable and he has failed to state a claim upon which relief may be granted. Additionally, Plaintiff failed to allege any facts showing how the Defendant Officers were involved in any of the actions that form the basis of his complaint. (*See* Compl. at 1-2, ¶¶3-7). The only individual with

---

[4]Although the context of the discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision appears to limit its scope to Sherman Act claims. *Halaris v. Viacom, Inc.*, 2007 WL 4145405, at *4 (N.D. Tex. Sept. 21, 2007) (Godbey, J.).

any alleged involvement is Gary Motteram, an employee of Associated Creditors Exchange. (*Id*. at 6-9, ¶¶22-27, 36, 37, 41).

Plaintiff's response does not address his failure to raise a viable claim ro allege any specific facts about the activities of the Defendant Officers. Instead, he contends that the motion to dismiss is improper because Defendant Advanta's counsel cannot file pleadings on behalf of Defendant Officers since they have not been served. (Mot. Resp. at 2, ¶¶11, 12). The purpose of a motion to dismiss is to expose a basic deficiency at the point of minimum expenditure of time and money by the parties and the court. *Bell Atl.*, 127 S. Ct. at 1966. Plaintiff's complaint, when viewed in the most favorable light, not only names an improper party but also utterly fails to allege any facts against Defendant Officers that would raise a right to relief above a speculative level. *Bell Atl.*, 127 S. Ct. at 1974. Such a basic deficiency warrants dismissal under Rule 12(b)(6).

The Court therefore recommends that Defendant Officers' motion to the dismiss pursuant to Rule 12(b)(6) be **GRANTED** as to the claims arising under the TCPA and FDCPA.

## V.  STATE LAW CLAIMS[5]

After removal to federal court, Plaintiff amended his complaint against Defendant Advanta and Defendant Officers to include alleged violations of the "Texas Finance Code 392" the Texas Deceptive Trade Practices Act ("DTPA"). (Compl. at 12-13). He did not provide any additional information about how these statutory provisions apply to his claim for damages. *See id*. The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a). Because the Court recommends dismissal of the federal claims over which it has original jurisdiction, it must decide

---

[5] Although Defendant Advanta and Defendant Officers move for dismissal of "all claims" raised against them (Mot. at 2, 5), they do not specifically address how their grounds for dismissal of Plaintiff's federal claims apply to the state law claims raised in the amended complaint. (*See* Mot.). In the interest of conserving judicial resources, the Court declines to order supplemental briefing.

whether to retain jurisdiction over the remaining state law claims against defendants. *Id*. at § 1367(c)(3).

Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In deciding whether to exercise supplemental jurisdiction, the court is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, – F.3d – , 2009 WL 22876, at *4 (5th Cir. 2009). Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). No single factor is dispositive. *Brookshire Bros.*, 2009 WL 22876, at *4. The general rule is that a court should decline to exercise jurisdiction over remaining state law claims when all federal law claims are eliminated before trial, but this rule is neither mandatory nor absolute. *Id*.; *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992). A district court may retain jurisdiction in cases where the remaining issues of state law are not complex or when it has invested a significant amount of time and resources in a case. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

In this case, several considerations favor retaining jurisdiction. Plaintiff's state law claims do not raise a novel or complex issue of state law because the inquiry into whether Plaintiff has

named the proper party can be answered by looking to the definitions in the relevant statutes. His state law claims do not predominate over his federal claims because they arise from the same subject matter and because he added the state law claims only after his case was removed to federal court. There are no exceptional or compelling circumstances to decline jurisdiction. Factors (1), (2), and (4) from 28 U.S.C. § 1367(c) therefore favor retaining jurisdiction. The only factor that favors dismissal is (3), the prior dismissal of the underlying federal claims against the instant defendants. The common law factors, however, do not present a reason to decline jurisdiction. In addition to the state law claims arising from the same subject matter, the Court is familiar with the merits of the claims and has already spent time reviewing the pleadings and researching the legal issues involved. Moreover, even if the Court declines to exercise jurisdiction over the claims as to these defendants, it must still determine the claims against the remaining defendants because the same claims are also asserted against them. Accordingly, the Court finds that the factors set forth in 28 U.S.C. § 1367(c) as well as the principles of judicial economy, convenience, fairness, and comity favor retaining jurisdiction over Plaintiff's state law claims.

Under the Texas Debt Collection Practices Act, a debt collector may not use threats, coercion, harassment, abuse, unfair or unconscionable means, or fraudulent, deceptive, or misleading representation to collect on a debt. Tex. Fin. Code Ann. §§ 392.301-304 (Vernon 2007). As defined in this statute, a "debt collector" is "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." *Id*. at § 392.001(6) (Vernon 2007). The DTPA prohibits false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. Tex. Bus. & Com. § 17.46(a) (Vernon 2007). "Trade" and "commerce" under the

DTPA are defined as "the advertising, offering for sale, sale, lease, or distribution of any good or service." *Id*. at § 17.45(6). As discussed in Part III.C, *supra*, there is no genuine issue of material fact that Defendant Advanta is not a proper party to this suit because it does not issue credit cards or engage in any activity, commercial or otherwise, related to credit cards. Defendant Advanta cannot be held liable for the actions of its subsidiary because Plaintiff did not present any competent summary judgment to show misuse of Advanta Bank Corp by Defendant Advanta. Since Defendant Advanta is not a proper party, claims against its officers are not viable. (*See* Part III.D, *supra*). In other words, plaintiff has not alleged, nor can he show, that Defendant Advanta and the Defendant Officers are debt collectors as defined by the Texas Debt Collection Act, or that they engage in trade or commerce as defined by the DTPA for the services at issue in this case.

Plaintiff has therefore failed to state a claim for which relief can be granted. His state law claims arising under the Texas Finance Code and the DTPA against Defendant Advanta and Defendant Officers should be **DISMISSED** with prejudice.

## VI. CONCLUSION

For the reasons stated above, the Court recommends that *Plaintiff's Motion to Remand* be **DENIED** and *Defendant's Motion for Summary Judgment and Motion to Dismiss* be **GRANTED**. Claims against Defendant Advanta and Defendant Officers arising under the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, the Texas Finance Code, and the Texas Deceptive Trade Practices Act should be **DISMISSED** with prejudice.

Claims remain against Defendants Gary Motteram, Joseph Berardi, Matthew Berardi, Patricia Berardi, Associated Creditors Exchange, Inc., and Traveler's Casualty and Surety Company of America.

**SO RECOMMENDED** on this 14th day of January, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE